[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above-captioned matter returns to this Court following the entry of a decree of dissolution of marriage entered on April 16, 1996 (the "Decree"). In her Amended Motion to Set Aside, Alter or Modify Judgment Regarding Child Support and Modify Visitation, the Plaintiff is seeking, inter alia, to modify the child support provisions contained in the Decree.[1]
The Decree was entered pursuant to an agreement of the parties. On the issue of child support, the parties agreed, and the court ruled, that no order of child support enter at that time. The court found the agreement of the parties, in regard to the issue of child support, to constitute a permissible deviation from the child support guidelines issued pursuant to Connecticut General Statutes ("C.G.S.") § 46b-215a. As previously indicated, the Plaintiff now seeks to modify the Decree and require that the Defendant pay child support to her for the support of the two minor children.
Proceedings regarding the modification of child support orders are governed by C.G.S. § 46b-86 (a). That statute provides, inter alia, that a support order may be modified "upon CT Page 4614 a showing of a substantial change in the circumstances of either party or upon a showing that the final order for child support substantially deviates from the child support guidelines established pursuant to § 46b-215a, unless there was a specific finding on the record that the application of the guidelines would be inequitable or inappropriate."
The Plaintiff first contends that the current provision for child support substantially deviates from the child support guidelines and, further, that a modification on this basis is warranted because there was no specific finding on the record that the application of the guidelines would be inequitable or inappropriate. The parties have submitted a copy of the transcript of the proceedings conducted before the court in connection with the entry of the Decree. That transcript, which goes on for more than 30 pages, reflects an extensive canvassing of the parties with respect to the agreement as well as a probative inquiry by the court regarding the terms of the parties' agreement. This Court finds that the court at that time, in approving a deviation from the child support guidelines, made specific findings regarding the deviation criteria which more than satisfy the requirement of "a specific finding on the record that the application of the guidelines would be inequitable or inappropriate." C.G.S. § 46b-86 (a).
Consequently, the only remaining basis for a modification of the child support provision of the Decree would be a showing by the Plaintiff that there has been a substantial change in the circumstances of either of the parties warranting such a modification. The Court finds that the Plaintiff has not carried her burden in this regard. There has been no substantial change in the Defendant's financial circumstances. His income has increased slightly (approximately $40.00 per week in net income) since the date of the Decree, however his expenses have likewise increased including, most notably, increased travel expenses which he incurs in visitation with the children as a result of Plaintiff's relocation from this area to Massachusetts. The most notable change in the Plaintiff's financial circumstances is the decline in her income from employment (approximately $70.00 per week). While attributable in part to changes in her deductions, this decline is largely explained by Plaintiff's unilateral decision to terminate the employment which she had at the time of the Decree and relocate to Massachusetts where her employment is less financially rewarding. She candidly acknowledged that her relocation to CT Page 4615 Massachusetts was motivated by, inter alia, her desire to (i) move in with her boyfriend and (ii) distance herself and the children from the Defendant. Under the circumstances, the Court finds that the changes in her financial circumstances (whether or not substantial) were occasioned by choices which she unilaterally and voluntarily made and, as such, furnish no basis for this Court to conclude that there has been a substantial change in circumstances warranting a modification of the Decree. Accordingly, the Court denies Plaintiff's motion to modify, by way of increase, the child support provisions of the Decree.
The Court has also reviewed and considered the various motions filed by the parties requesting an award of counsel fees and the imposition of sanctions. All such motions, including Plaintiff's motion for sanctions dated February 12, 1997, are denied.
Dated this 23rd day of April, 1997 at Norwich, Conn.
Solomon, J.